09-2029-ag
Ahmat v. Holder

BIA
Abrams, IJ
A099 592 056

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > Chief Judge
> JON O. NEWMAN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

ADOUM ALHADJI AHMAT,
> *Petitioner,*

> v.                                                09-2029-ag
>                                                    NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           *Pro Se.*

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Jason Wisecup, Trial Attorney, Office of Immigration Litigation, Washington D.C.

The parties have submitted a joint Stipulation and Order of Settlement and Dismissal that would remand this case to the Board of Immigration Appeals ("BIA"). For the following reasons, the Court declines to enter the stipulation.

Petitioner, Adoum Alhadji Ahmat, a native and citizen of Chad, was admitted into the United States in June 2005. In February 2006, following the expiration of his nonimmigrant visa, Ahmat filed an affirmative application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), alleging that he had been detained and beaten by police due to his support for the Movement for Democracy and Justice in Chad ("MJDT"). Because Ahmat filed his application after May 11, 2005, it was governed by the REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)). *See In re S-B-*, 24 I. & N. Dec. 42, 45 (B.I.A. 2006).

In April 2007, an immigration judge ("IJ") denied Ahmat's application for relief after finding him not credible. Ahmat appealed to the BIA, which affirmed the IJ's decision and dismissed the appeal in April 2009. However, the BIA applied the pre-REAL ID Act legal standards, concluding that the discrepancies the IJ identified "are substantial and go to the heart of [Ahmat]'s claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (stating that the agency may, considering the totality of the circumstances, base a credibility finding on demeanor, plausibility, and inconsistencies, without regard to whether they go "to the heart of the applicant's claim."). Following that decision, Ahmat filed a petition for review in this Court.

In February 2010, the government moved to dismiss the petition and remand to the BIA "to allow it to address the impact, if any," of the REAL ID Act on the credibility determination. We denied the government's motion without prejudice, directing it to file a brief addressing whether the BIA's application of the wrong legal standard was harmless error "in light of the greater discretion afforded immigration judges by the REAL ID Act to assess credibility." Before the government filed its brief, the

3

parties submitted a joint stipulation to remand to the BIA for reconsideration under the REAL ID Act.[*]

In the review of an adverse credibility determination "an error does not require remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006). In this case, remand would be pointless because the REAL ID Act provides greater, not less, support for the agency's adverse credibility determination.

The IJ's decision found that Ahmat's testimony (that he was whipped while in detention) was inconsistent with his asylum application (which did not mention that mistreatment). The BIA found that this inconsistency went to the heart of Ahmat's claim that he was beaten and detained on account of his involvement in the MJDT. Even prior to the enactment of the REAL ID Act, this finding

---

[*] We granted Ahmat's attorney's motion to withdraw as counsel in October 2009. In its motion to remand, the government stated that it was filing the motion "in lieu of a joint stipulation because Petitioner is currently *pro se*." Although the subsequent joint stipulation is signed by Ahmat's former attorney, he has not filed a notice of appearance in this case since the time of his withdrawal. Absent a new notice of appearance, Petitioner is assumed to be appearing *pro se*. *See* 2d Cir. Local Rule 12.3(b).

4

alone would likely have supported an adverse credibility determination.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (determination supported by inconsistency between applicant's written statement and hearing testimony regarding whether, during a particular incident on which his claim hinged, rival political party members had ransacked his home in his absence or had abused and threatened him personally).

However, the IJ went further, finding that Ahmat "ha[d] little knowledge regarding the MJDT" that he "did not know the history of Chad" that he had no knowledge of the timing and circumstances surrounding the death of Youssouf Togoimi, the former leader of the MJDT, and that background evidence in the record contradicted Ahmat's testimony that no individuals involved in the overthrow of the government had ever been granted amnesty.  The BIA concluded that it was "reasonable for the Immigration Judge to expect [Ahmat] to know something about the political party to which he purported he was a member."

Given these findings, it is clear that the BIA's application of the wrong standard did not prevent it from considering the "totality of the circumstances."  8 U.S.C. § 1158(b)(1)(B)(iii).  We can therefore predict with

5

confidence that, "upon a reconsideration cleansed of errors, the agency would reach the same result." *Diallo v. U.S. Dep't of Justice*, 548 F.3d 232, 235 (2d Cir. 2008).

For the foregoing reasons, we decline to enter the parties' joint stipulation to remand. The government is directed to file a responsive brief within 30 days of the date of this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk